UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HSBC BANK USA NATIONAL ASSOCATION,<br><br>              Plaintiff,<br><br>   v.<br><br>SIMMONS et al.,<br><br>              Defendants. | CASE NO. C19-1965 MJP<br><br>ORDER OF REMAND |

THIS MATTER comes before the Court on Plaintiff's Motion for Remand. (Dkt. No. 9.) Having reviewed the Response (Dkt. No. 10), Reply (Dkt. No. 11), and all related papers, the Court GRANTS Defendant's Motion.

On September 15, 2017, Plaintiff filed a complaint for judicial foreclosure in King County Superior Court, case No. 17-2-24539-9 SEA. (See Dkt. No. 1, Ex. 3.) On March 19, 2019 the Superior Court entered a Judgment and Decree of Foreclosure against Defendants. (Dkt. No. 9 at 95); King County Case No. 17-2-24539-9 SEA, Dkt. No. 49. On December 2,

2019, nearly six months after the Superior Court Judgment, Defendants removed this action. (Dkt. No. 1.) Plaintiff now moves to remand, arguing that the Court has no subject matter jurisdiction over this matter because: (1) Defendants removed after judgment was entered by the Superior Court and (2) the Complaint did not assert a federal cause of action. (Dkt. No. 9.) The Court finds that both of these arguments support remanding this action.

First, as Plaintiff notes, a sheriff's sale was conducted on October 25, 2019 following entry of judgment, and therefore there was no case or action to remove and this Court, "as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings." Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986). (Dkt. No. 11 at 2, 95); King County Case No. 17-2-24539-9 SEA, Dkt. Nos. 49, 54, 55.

Second, the Court lacks subject matter jurisdiction because Plaintiff did not plead a federal claim. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000). A case may not be removed on the basis of a federal defense, even if that defense is the only question truly at issue. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Plaintiff has not asserted a federal cause of action here. (See Dkt. No. 1, Ex. 3; Dkt. No. 9 at 6-13.)

Therefore, the Court GRANTS Plaintiff's Motion for Remand. This case is hereby remanded to King County Superior Court, Case No. 17-2-24539-9 SEA. All hearings and other deadlines are stricken and the clerk is directed to close this case.

//

//

The clerk is ordered to provide copies of this order to all counsel, to Defendant Karie Simmons, and to the King County Superior Court.

Dated March 10, 2020.

*Marsha J. Pechman*
Marsha J. Pechman
United States District Judge